Kristen MISCHEL, Plaintiff—Appellant,

v.

CAITHNESS OPERATING COMPANY, LLC; Ormat Nevada, Inc., Defendants—Appellees.

No. 07–16786.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2009.[*]

Filed May 5, 2009.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ian E. Silverberg, Esquire, Law Offices of Ian E. Silverberg, Reno, NV, for Plaintiff–Appellant.

Dan C. Bowen, Esquire, Bowen–Hall, Michael D. Knox, Esquire, Lionel Sawyer & Collins, Miranda Du, Esquire, McDonald Carano Wilson, LLP, Reno, NV, for Defendants–Appellees.

Before: HUG, CALLAHAN and BEA, Circuit Judges.

## MEMORANDUM **

Kristen Mischel appeals the district court's grant of summary judgment to her original employer, Caithness Operating Company, and her subsequent employer, Ormat Nevada, Inc., on her claims of gender discrimination, violations of the Equal Pay Act.

We review de novo the district court's grant of summary judgment. *Dominguez–Curry v. Nev. Transp. Dep't,* 424

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 1027, 1033 (9th Cir.2005). Summary judgment is warranted if, making all reasonable inferences in favor of the non-moving party, there are no genuine issues of material fact and the district court properly applied the substantive law. *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir.2002).

■ Mischel makes several allegations of discrimination against both Caithness and Ormat, none of which involve adverse employment actions. Adverse employment actions may include any decision by an employer affecting "compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e–2(a)(1); *see, e.g., Fonseca v. Sysco Food Servs. of Ariz., Inc.,* 374 F.3d 840, 847 (9th Cir.2004). Mischel fails to show how her employers' actions affected her compensation, terms, conditions, or privileges of employment when allegedly she was not provided a uniform shirt that fit, male employees used "her" bathroom, male employees viewed pornography at work, she was counseled regarding interpersonal relationships, or she argued with a male co-worker. Further, the record shows that Mischel's alleged janitorial and clerical duties were neither "more burdensome" nor "more work" than similar duties assigned to her male co-workers. *See Chuang v. Univ. of Cal. Davis,* 225 F.3d 1115, 1126 (9th Cir. 2000). Accordingly, the district court correctly held that Mischel failed to demonstrate that these were adverse employment actions.

■ Mischel's remaining allegations— that Caithness and Ormat refused to promote her and that Ormat terminated her employment—would constitute adverse employment actions if true. However, Mischel failed to present sufficient evidence that these actions were based on her gender either by establishing that similarly-situated male employees were treated differently or through direct evidence of discriminatory intent. *See Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir.1998); *Cordova v. State Farm Ins. Cos.,* 124 F.3d 1145, 1148–49 (9th Cir.1997).

■ As to Mischel's failure to promote claim, Caithness and Ormat argue that she was not treated differently than similarly qualified male employees. *See Godwin,* 150 F.3d at 1220. Their undisputed evidence shows that Bill Loomer, like Mischel, was performing the duties of a control room operator while maintaining the title and pay of plant operator. Mischel offers no evidence to show that she and Loomer were not similarly qualified or were treated differently. Mischel only contends that Larry Ledbetter was hired as a control room operator while she was waiting to be promoted. Caithness and Ormat, however, present evidence that Ledbetter was more qualified and had 15 years of experience prior to being hired by Caithness compared to Mischel's 3 years of experience before being hired. *See Stanley v. Univ. S. Cal.,* 178 F.3d 1069, 1075 (9th Cir.1999) (holding that experience is a legitimate, non-discriminatory reasons for promoting one employee over another). Mischel fails to offer evidence undermining this legitimate reason for Ledbetter's promotion.

Assuming that Mischel made a prima facie case of discriminatory termination, Ormat explained its decision to terminate Mischel saying that technology made her position, and that of three male control room operators, superfluous. Mischel offers no evidence to demonstrate that this legitimate, non-discriminatory reason for terminating her was pretext to conceal discrimination.

■ Finally, Mischel argues that the district court inappropriately granted summary judgment on her Equal Pay Act

claim because whether employees are similarly situated is a question of fact for a jury. As in her discrimination claim, Mischel argues that she was similarly situated to Ledbetter. Summary judgment was appropriate because Mischel failed to offer any evidence to rebut Ormat's and Caithness's assertion that they paid more to Ledbetter because of his experience working at power plants prior to being hired by Caithness. *See Stanley,* 178 F.3d at 1075–77.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided